1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EMILY PERRYMAN,                              )
                                             )
                            Plaintiff,       )        Case No. 2:14-cv-01951-GMN-GWF
                                             )
vs.                                          )        **ORDER**
                                             )
CAROLY W. COLVIN, acting Commissioner        )        Motion to Proceed *In Forma Pauperis*
of Social Security Administration,           )        (#1)
                                             )
                            Defendant.       )
_____)

      This matter comes before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (#1) filed on November 24, 2014.  Plaintiff filed a Complaint for Judicial Review (#1-1) on November 24, 2014.

## BACKGROUND

      Plaintiff alleges a claim against the Social Security Administration, challenging its denial of social security benefits. Plaintiff alleges that at all time relevant to this action, she was disabled as defined by the Social Security Act.  Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied her request for supplemental security income.  Plaintiff states that she timely requested review of the ALJ's decision with the Appeals Council, which was denied on September 23, 2014.  Plaintiff now seeks judicial review of that final agency decision.

## DISCUSSION

I.      **Application to Proceed In Forma Pauperis**

      Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.

Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Complaint**

Plaintiff brings suit against the SSA alleging she was wrongfully denied social security disability benefits.  Federal courts only have jurisdiction to conduct judicial review of the SSA's final  decisions.  *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980).  Plaintiff appears to have fully exhausted her administrative remedies with the SSA.  The Court will therefore allow Plaintiff's complaint to proceed as a petition for judicial review of a final agency decision.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (#1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Defendants shall have **sixty (60) days** from the date of service to file their answer or responsive pleading to Plaintiff's Complaint in this case.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to

. . .

. . .

Defendant or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 19th day of December, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge